PECK, J.
delivered the opinion of the court.
This is an action brought by the plaintiff, Lynn, for the use of Dowland. Pleas are filed by the defendant, denying the right of Dowland, to the instrument on which the suit is brought, also the plea of nil debet. To which pleas there are demurrers. The first mentioned pleas question the right to bring the action. The last plea is not a proper defence to the action. Not many years have elapsed since the right of a defendant to call in question the authority for bringing the suit, was first made in our court. Prior to the first case, which was decided at Reynoldsburgh, suits were prosecuted, ad libitum, not because there was no law to restrain, but because it was not put in action. Por myself, I am not tenacious of the manner in which the question shall be made, nor can I see why a jury might not try the fact of authority, upon an issue properly made to try it, as well as any other fact. But pleading the fact is not the best mode of bringing forward the question; for many reasons, laying the party under a rule is the better and safest way. Grounds must be laid, in the first place, for the rule — there is none of the technicality of pleading, replying, rejoining, &c., by pursuing which, advantages may be gained, or time uselessly lost, at an abortive attempt to reach results. By the rule of court upon the party, the act of one of the immediate officers of the court, the attorney, is brought to view; his conduct in bringing the suit is matter proper for the court to see and judge of, and that speedily. It is con *3 sistent with the practice we have adopted; is in exact accordance with the act against Champerty and Main-tainance — it should therefore be uniform. We prefer that the innovation, upon the practice, by plea should be • i rejected.
It is very probable, from these pleas, that no authority exists; by admitting, however, the plea, the proof upon the issue may be cast upon the defendant. Whereas, by the rule of court, the burden of proof is directly cast upon him assuming the authority. And, admitting the want of authority in this case, the injured plaintiff, who may be ignorant of these proceedings, is not without redress. If the money is collected against authority, the mode of staying its passage into improper hands is easy. The judgment is reversed, and this court proceeding to give such judgment as should have been rendered by the court below, sustain the demurrer to all the pleas. — That the plaintiff recover his debt, &c.
Judgment reversed.